DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from judgments issued by the Huron County Court of Common Pleas. There, the trial court affirmed the denial of a nonconforming use expansion and refused to find a Sunshine Law violation in conjunction with a zoning meeting. Because we conclude that the trial court's analysis of the zoning ordinance was proper and its findings relative to the Open Meetings Act violation were supported by the evidence, we affirm.
 {¶ 2} Since 1972, appellant, James E. Morrow, has operated a truck repair/tire recycling business in Monroeville, Ohio. In 1973, Monroeville first instituted zoning. In doing so, Monroeville provided that the area in which appellant's business is located be zoned "residential." Appellant's business was a permitted nonconforming use under the village zoning ordinance.
 {¶ 3} On February 9, 1998, appellant applied to the village planning commission to rezone his property to "industrial/ manufacturing." While appellant's application was pending, Monroeville Village Council adopted a comprehensive zoning amendment. The amendment did not alter the zoning classification of appellant's property.
 {¶ 4} For reasons not apparent in the record, appellant's zoning application, now characterized as a "nonconforming use variance," was not considered by the Monroeville Board of Zoning Appeals ("BZA") until February 26, 2000. Following a hearing on that date, the BZA rejected appellant's application unanimously.
 {¶ 5} On July 28, 2000, appellant filed a declaratory judgment action and a petition for writ of mandamus, naming appellees, Monroeville Village Council, Planning Commission and Board of Zoning Appeals, as defendants. Appellant sought a declaration that the 1998 zoning ordinance was void due to irregularities in its enactment. Appellant also sought a declaration that the village zoning, as a whole, was "arbitrary, illegal, capricious and unconstitutional." Appellant further sought, by way of mandamus, a determination that a March 9, 1998 planning commission meeting violated Ohio's Open Meetings Act, R.C. 121.22. As a remedy, appellant requested an order that the village conduct another hearing on his rezoning application, or compel the village to grant him a variance to extend his nonconforming use.
 {¶ 6} The matter was submitted to the trial court on cross-motions for summary judgment. On consideration, the court found the provisions of both zoning ordinances constitutional, but concluded that the 1998 ordinance had been improperly enacted and was, therefore, void. The court denied appellant's application for mandamus because appellant had failed to submit evidence that he met conditions precedent for a zoning change and had failed to timely appeal the denial of the variance.
 {¶ 7} The court reserved judgment on the purported Open Meetings Act violation and set the matter for a hearing. Following the hearing, the court found that there had been no violation of R.C. 121.22.
 {¶ 8} Appellant now brings this appeal, setting forth the following two assignments of error:
 {¶ 9} "1. The trial court erred, in the judgment entry of May 22, 2001, adjudged final and appealable on September 14, 2001, in determining that section 1000.2 of the Village of Monroeville, Ohio, Zoning Ordinance 73-12 as it pertains to the provisions for enlarging nonconforming uses is constitutional.
 {¶ 10} "2. The trial court erred in the judgment entry of September 14, 2001, in determining that the Planning Commission of the village of Monroeville, Ohio, did not violate Section 121.22 of the Ohio Revised Code in conducting a planning commission hearing on March 9, 1998.
 I. {¶ 11} Civ.R. 56(C) provides that summary judgment can be granted if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law.Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. In this matter, there is no dispute of fact concerning the challenged zoning provisions, only issues concerning their legal sufficiency.
 {¶ 12} Section 1000.2 of the Monroeville Zoning Code provides that, "no nonconforming building or structure shall be moved, extended, enlarged or altered, except when authorized by the Zoning Board of Appeals, in accordance with the provisions of Section 860.4."
 {¶ 13} In material part, Section 860.4 requires:
 {¶ 14} "In every instance of granting a variance or exception by the Board of Appeals there must be shown that:
 {¶ 15} "a. A strict application of the provisions of the ordinance would result in practical difficulties or unnecessary hardship inconsistent with general purpose and the intent of this ordinance.
 {¶ 16} "b. There are exceptional or extraordinary circumstances or conditions applying to the property involved or to the intended use or development of the property that do not apply generally to other properties or uses in the same zoning district or neighborhood.
 {¶ 17} "c. The granting of such variance or exception will not be of substantial detriment to the public interest or to the property or improvements in the district in which the variance or exception is sought, and will not materially impair the purpose of this ordinance."
 {¶ 18} Appellant charges that Section 860.4 provides insufficient objective standards for the BZA to determine whether to grant an extension or an enlargement of a nonconforming use. Absent such criteria, appellant argues, Monroeville's Zoning Ordinance violates the directive of R.C. 713.15 that a municipal corporation must provide "reasonable terms" for the extension or expansion of nonconforming uses. Appellant also insists the ordinance is unconstitutionally broad.
 {¶ 19} As the trial court noted in its decision, the language employed in Section 860.4 is similar to the contested zoning ordinance examined in Standard Oil Co. v. City of Warrensville Heights (1976),48 Ohio App.2d 1. In that case, the court found the standards contained in the Warrensville Heights Ordinance were sufficiently precise to satisfy constitutional requirements. Id. at 15. We concur with that decision. Moreover, since the ordinance at issue does provide for an extension of nonconforming uses, it does not violate R.C. 713.15.
 {¶ 20} Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 21} In his second assignment of error, appellant complains that the trial court erred in concluding that a March 9, 1998 public meeting violated the Ohio Open Meetings Act. Appellant insists that the March 9 meeting was a public hearing by the Monroeville Planning Commission which requires 15 days advance public notice. Since public notice of the March 9 meeting was only issued three days before the event, appellant argues that this constitutes a violation of R.C. 121.22.
 {¶ 22} Appellee responded that the characterization of the March 9 meeting as a "Planning and Zoning Board" proceeding mislabeled the event, which was intended as a public meeting (requiring only one day notice) rather than a public hearing.
 {¶ 23} The issue proceeded to a full hearing before the trial court. The court factually determined that the March 9 meeting was never intended as a public hearing, nor was it a public hearing. On these findings, the court concluded that the notice rendered was sufficient to satisfy R.C. 121.22(F).
 {¶ 24} In essence, appellant asserts that the trial court's findings were against the manifest weight of the evidence. Judgments supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E. Morris v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus; Vogel v. Wells
(1991), 57 Ohio St.3d 91, 96. Moreover, appellate courts are guided by the presumption that the findings of the trier-of-fact are correct.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 25} At the hearing in this matter, there was testimony submitted that the March 9 meeting was never officially labeled a hearing and that, had the clerk intended to advertise it as a hearing, she would have placed the ad in a different section of the newspaper. The documents submitted at the hearing disclose that the participants of the meeting were some members of the village council, some members of the BZA, and some members of the planning commission, but not a quorum for any of these bodies. On this evidence, the trial court could have concluded that the March 9 meeting was not a public hearing.
 {¶ 26} Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 27} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.